UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Jian Zhang, individually and on behalf of all other employees similarly situated,

Plaintiff,

- against -

Steamed LLC d/b/a Steamed, Steamed Plus LLC d/b/a Steamed, Ping Hu, and Jonathan Dolph,

Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Jian Zhang (hereinafter "Plaintiff"), on his own behalf and on behalf of all others similarly situated employees, by and through his undersigned attorneys, hereby files this complaint against Defendants Steamed LLC d/b/a Steamed, Steamed Plus LLC d/b/a Steamed, Ping Hu, and Jonathan Dolph (collectively "Defendants") alleges and shows the Court the following:

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to (i) unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law; (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, that he is entitled to: (i) unpaid minimum and unpaid wages for overtime work for which they did not receive overtime premium pay, as

required by law; (ii) liquidated damages, costs, interest and attorneys' fees pursuant to the CMWA, Conn. Gen. Stat. §§ 31-68 -72.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants Steamed LLC d/b/a Steamed, Steamed Plus LLC d/b/a Steamed, Ping Hu, and Jonathan Dolph are subject to personal jurisdiction in the State of Connecticut.

**THE PARTIES**

7. Plaintiff is an adult individual residing in Queens County, New York.

8. Plaintiff was employed by Defendants from on or about September 1, 2023, to on or about February 16, 2025, as a cook at Defendants' restaurant, Steamed, located at 77 Whitney Ave, New Haven, CT, 06510.

9. During his employment with Defendants, Plaintiff's daily duties included preparing and cooking dishes, maintaining cleanliness and organization of the kitchen area, and occasionally assisting with dishwashing and other general kitchen tasks as needed.

10. Upon information and belief, Steamed LLC is a company registered in Connecticut on June 28, 2016 with a registered business address at 670 Boston Post Rd, Madison, CT, 06443-

305. Jonathan Dolph is the principal and member of Steamed LLC. Ping Hu is the principal and managing member of Steamed LLC. Steamed LLC is at all relevant times an employer of Plaintiff under state and federal law.

11. Upon information and belief, Steamed Plus LLC is a company registered in Connecticut on October 5, 2018 with a registered business address at 77 Whitney Ave, New Haven, CT, 06510. Jonathan Dolph is the principal and member of Steamed LLC. Ping Hu is the the principal and managing member of Steamed Plus LLC. Steamed Plus LLC is at all relevant times an employer of Plaintiff under state and federal law.

12. Upon information and belief, Defendant Jonathan Dolph ("Defendant Dolph") is the owner, member, shareholder, and registered agent of Steamed LLC and Steamed Plus LLC.

13. Upon information and belief, Defendant Ping Hu ("Defendant Hu") is the owner, managing member, shareholder, manager, and registered agent of Steamed LLC and Steamed Plus LLC. Upon information and belief, at all times relevant to the allegations herein, Defendant Hu had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

14. Defendant Hu hired Plaintiff, determined his wages and work schedule, managed his compensation, and made the decision to terminate his employment.

15. During the time relevant to this Complaint, Corporate Defendants Steamed LLC and Steamed Plus LLC each generated more than $500,000 in revenues every year from 2023 to the present.

16. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

17. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 203(s).

18. Defendants employed the Plaintiff as an employee within the meaning of FLSA § 203(e).

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since July 2022 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked, minimum wages, and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least four (4) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

21. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

22. A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

23. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants willfully failed to reimburse Plaintiff for the expenses related to performing working duties for Defendants;

f. whether Defendants willfully retained part of the earned gratuities from Plaintiff and the Collective Action Members in violation of FLSA;

g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

i. whether Defendants should be enjoined from such violations of the FLSA in the future.

24. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

25. At all relevant times, Steamed LLC and Steamed Plus LLC operated a restaurant "Steamed" at 77 Whitney Ave, New Haven, CT, 06510.

26. Upon information and belief, Defendants employed around five (5) employees at any one time in their restaurant Steamed. Plaintiff and a large number of Defendants' other employees have not received their: (i) wages for all hours worked, including minimum wages; (ii) overtime pay as required by the Fair Labor Standards Act and CMWA, Conn. Gen. Stat. §§ 31-68(a), 31-72; and/or (iii) expenses incurred on behalf of Defendants.

***Plaintiff Jian Zhang***

27. Plaintiff was employed by Defendants from on or around September 1, 2023 to on or around February 16, 2025, as a cook at Defendants' restaurant Steamed at 77 Whitney Ave, New Haven, CT, 06510.

28. During Plaintiff's employment with Defendants, Plaintiff worked six days per week, with Mondays off. Plaintiff's regular work schedule was from 10:30 a.m. to 8:30 p.m. During all relevant times, Plaintiff did not have uninterrupted lunch break. This resulted in a total

work week of approximately sixty (60) hours.

29. Plaintiff was required to work for Defendants well in excess of forty (40) hours per week, frequently about sixty (60) hours per week respectively, yet Defendants failed to pay Plaintiff all overtime compensation for hours he worked in excess of forty hours per week.

30. Plaintiff's monthly wage was $5,500 during the first year of his employment. Beginning in or around September 2024, Plaintiff's monthly wage was increased to $6,000, which remained in effect until the end of his employment.

31. Plaintiff was generally paid on a monthly basis through a combination of check and cash. For example, he typically received $2,000 by check and $4,000 in cash as his monthly compensation from in or around September 2024.

32. Plaintiff's wages, as well as those of other employees, were regularly delayed. Defendants often paid them up to approximately 10 days after the scheduled payday.

33. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

34. Defendants, in contravention of Conn. Gen. Stat. § 31-66, willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies Regs. § 31-62-El, and of regulations issued by the Labor Commissioner of the State of Connecticut.

35. Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

36. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by

failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

37. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

38. The work performed by Plaintiff required little skill and no capital investment.

39. Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

## <u>STATEMENT OF CLAIMS</u>

### FIRST CLAIM FOR RELIEF – FAIR LABOR STANDARDS ACT

40. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(s).

42. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, the Corporate Defendants Steamed LLC and Steamed Plus LLC, each had gross revenues in excess of $500,000.

44. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

45. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to the employees for their hours worked in excess of forty hours per

workweek.

46. As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 207(a) (1).

47. As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 211(c).

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Defendants are jointly and severally liable to all restaurant workers for violations of their rights under federal law.

50. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from Defendants the the unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF – CONNECTICUT WAGE AND HOUR LAW**

51. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. At all relevant times, Plaintiff and the members of the Class were employed by the

Defendants within the meaning of Conn. Gen. Stat. § 31-58(f).

53. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them the overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

54. Defendants willfully failed to distribute accurate records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. § 31-13a.

55. Defendants willfully failed to keep accurate records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. § 31-66.

56. Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies § 31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut, in violation of Conn. Gen. Stat. § 31-66.

57. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

58. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

59. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

60. Because Defendants failed to post and keep posted a notice explaining Connecticut's Wage and Hour Law in conspicuous places in their establishment, so as to permit their employees to readily observe a copy, and because the Plaintiff had no other knowledge, actual

or constructive, of their rights under Connecticut Wage and Hour Law, Plaintiff is entitled to the equitable tolling of their Connecticut Wage and Hour Law claims.

61. As a result of these violations, all restaurant workers suffered damages.

62. Defendants are jointly and severally liable to all restaurant workers for violations of their rights under state law.

63. Due to the Defendants' CMWA violations, Plaintiff and the members of the Class are entitled to recover from Defendants twice amount of their unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

**THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT**

64. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65. Defendants collectively entered into oral, written, and/or implied contracts with restaurant workers and each party's acceptance was supported by good and valuable consideration.

66. Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

67. Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

68. Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

69. Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

70. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years

preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

71. Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

**FOURTH CLAIM FOR RELIEF – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

72. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. Defendants collectively entered into written and/or oral contracts with Plaintiff and each party's acceptance was supported by good and valuable consideration.

74. Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

75. Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

76. Defendants' bad faith is demonstrated by Defendant's failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

77. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

78. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

79. Plaintiff is entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

**FIFTH CLAIM FOR RELIEF – UNJUST ENRICHMENT & QUANTUM MERUIT**

80. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81. By laboring at Defendants' restaurant Steamed, Plaintiff provided benefits to Defendants.

82. Plaintiff expected to be compensated for the labor they provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

83. Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3)

on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of overtime compensation under the FLSA and the CMWA;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

h. An award of prejudgment and post-judgment interest;

i. Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

Dated: Flushing, New York
July 8, 2025

HANG & ASSOCIATES, PLLC.

*/S JIAN HANG*

Jian Hang (ct29549)
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*